IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | |
|---|---|
| TIMMY SPICER, )<br>)<br>        *Plaintiff,* )<br>  v. )<br>)<br>UNIVERSAL FOREST PRODUCTS EASTERN )<br>DIVISION, INC., )<br>)<br>AND )<br>)<br>SCOTT WEEKS, )<br>)<br>        *Defendants.* )<br>) | Civil No. 7:07-CV-00462 |

### MEMORADUM IN SUPPORT OF DEFENDANT'S
### MOTION FOR PROTECTIVE ORDER

This Court should grant Defendant Universal Forest Products Eastern Division, Inc.'s ("UFPED") Motion for a Protective Order. As discussed in detail below, many of the topics included in Plaintiff's Rule 30(b)(6) Notice to Take Deposition of Defendant Universal Forest Products Eastern Division, Inc. ("Notice of Deposition") are overly broad and do not relate to the claims or defenses in this case.

### RELEVANT BACKGROUND

Plaintiff served his Notice of Deposition on June 24, 2008. Notice of Deposition, attached as Exhibit A. Counsel for Universal Forest Products Eastern Division, Inc. ("UFPED") informed Plaintiff's counsel that it had certain objections to the Notice of Deposition. By email dated July 11, 2008, counsel for UFPED specified which topics were objectionable. By letter dated July 18, 2008, counsel for UFPED again specified which topics were objectionable and

provided detailed reasons why it objected to certain topics of the Notice of Deposition. July 18, 2008 Letter, attached as Exhibit B. By letter dated July 21, 2008 (Exhibit C), Plaintiff's counsel delivered a letter clarifying Plaintiff's position with respect to UFPED's objections.

### ARGUMENT

Under the Federal Rules of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any matter, not privileged, that is *relevant to the claim or defense* of any party." Fed. R. Civ. P. 26(b)(1) (emphasis added). The limitation to claims and defenses was inserted as part of the amendments to the Rules in 2000. In amending the scope of discovery, the Advisory Committee intended that the parties and the court "focus on the actual claims and defenses involved in the action."[1] Fed. R. Civ. P. 26 advisory committee notes. In addition, a court must limit discovery if it determines that the discovery sought is unduly burdensome. Fed. R. Civ. P. 26(b)(2)(C). Lastly, a court may enter a protective order that discovery not be had to protect a party from annoyance, embarrassment, or oppression. Fed. R. Civ. P. 26(c). As discussed below, several of the topics included in the Notice of Deposition are improper because they do not relate to the claims or defenses in this action, or are overly broad or unduly burdensome. The topics are discussed in detail below.

**A.     SPECIFIC TOPICS**

2.     The management structure of the company, i.e. the "chain of command," from the Chief Operating Officer down to the truck drivers, including the duties, responsibilities and authority at each level.

Defendant objects to Topic No. 2 on the basis that it is overly broad. As written, this request requires the witness to be able to testify regarding the duties of every employee of UFPED and their relationship to one another. UFPED interprets the July 21, 2008 letter from

---

[1] Discovery that relates to the subject matter involved in the action but that is not relevant to the particular claims or defenses may be ordered by the court only upon a showing of good cause. Fed. R. Civ. P. 26(b)(1).

2

Plaintiff's counsel as an offer to narrow the scope of this topic. However, Scott Weeks already testified that he made the decision to terminate Plaintiff's employment. To the extent that Plaintiff wants to question the Rule 30(b)(6) witness as to who made the decision to discharge Plaintiff, UFPED concedes that that is an appropriate topic. As written, however, this topic is overly broad.

   4. The contact, communications, and/or correspondence from any person or entity to or from the Universal Forest Products Human Resource Department regarding Mr. Spicer from the first day of his employment through the present.

   Topic No. 4 is overly broad. Again, this covers communications that are well beyond the claims or defenses in this case. A Rule 30(b)(6) witness simply could not be expected to be able to testify about this topic. To the extent that this request covers communications between Mr. Spicer and Human Resources or between Mr. Weeks and Human Resources regarding the termination of Spicer's employment, UFPED concedes that it is a proper topic for a Rule 30(b)(6) deposition. As written, however, it is overly broad.

   5. The contact, communications, and/or correspondence from any person or entity to or from the Universal Forest Products department which processes Cobra letters regarding Mr. Spicer from the first day of his employment through the present.

   Topic No. 5 is overly broad. The only COBRA letters that are at issue in this case are the ones that Mr. Spicer received after his employment ended. UFPED concedes that those letters are a proper topic for the Rule 30(b)(6) deposition. However, this topic covers any letters from the beginning of Mr. Spicer's employment in 1997 and is therefore overly broad.

   11. Other complaints of age or disability discrimination and/or retaliation made by employees against Universal Forest Products since 2001.

   Topic No. 11 is overly broad. First, the time period covered is too broad. The topic covers lawsuits going back seven years. As a general rule, however, "it is proper to deny discovery of . . . events that occurred before an applicable limitations period, unless the

information sought is otherwise relevant to the issues of the case." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 352 (1978).

Plaintiff has brought claims for discrimination pursuant to the ADA and ADEA and for retaliation pursuant to the Virginia Workers Compensation Act.  The statute of limitations for his ADA and ADEA claims is 300 days from the alleged adverse employment action.  *See* 42 U.S.C. § 20000 e-5; 42 U.S.C. § 12117 (a); 29 U.S.C. § 626 (d)(2)(5)(e)(1).  *See also Edelman v.Lynchberg College,* 300 F.3d 400, 404 (4th Cir. 2002) (because Virginia is a deferral state, plaintiffs must file a charge of discrimination with the EEOC within 300 days of the discrimination).  The statute of limitations for Plaintiff's claim for wrongful discharge pursuant to the Virginia Workers Compensation Act is two years from the adverse employment action.  *See* Va. Code § 8.01-248;  *See also Purcell v. Tidewater Construction Corp.,* 458 S.E. 2d 291, 293 (Va. 1995).

While courts have extended the temporal scope of discovery where the plaintiff alleges pattern and practice discrimination or a continuing violation, s*ee, e.g., Miller v. Hygrade Food Prods. Corp.*, 89 F. Supp. 2d 643, 657 (E.D. Pa. 2000) (limiting the temporal scope of discovery to a period of five years because the plaintiff had alleged a continuing violation), Plaintiff in this case did not allege a continuing violation or a pattern and practice.  Thus, the scope of discovery should not be extended to include the period before 2004.   To the extent the court wishes to extend the period, however, it is appropriate to expand it by one year.  *See Finch v. Hercules, Inc.*, 149 F.R.D. 60 (D. De. 1993). Any further expansion of the temporal scope would not be very beneficial.  As the District Court stated in *Finch*:

> If plaintiff can show a trend of [discrimination] in the two years prior to his own dismissal, a similar showing for the four previous years will not add to the evidence. On the other hand, if plaintiff can only show a pattern of discrimination [in the previous four years], but not [the two years prior to his own dismissal], any

4

>weak inference that plaintiff was discriminated against [recently] does not warrant subjecting defendant to the necessity of searching its records for the [previous four years].

*Id*. at 65.  *See also Obiajulu v. City of Rochester, Dep't of Law*, 166 F.R.D. 293, 296 (W.D.N.Y. 1996) (magistrate judge held that time period of 11 years, extending to one year preceding plaintiff's hiring, excessive; time period of three years preceding filing suit appropriate); *Sallis v. University of Minn.*, 408 F.3d 470, 477-478 (8th Cir. 2005) (employment discrimination plaintiff's request for information on every allegation of discrimination against university was overly broad, and magistrate judge properly limited discovery to complaints filed no more than one year before actions complained of by plaintiff).

In addition, this topic is objectionable because it covers more than the facility involved. Courts have recognized that when the decision at issue is made locally, broad multi-location discovery is improper. *Scales v. J.C. Bradford & Co.*, 925 F.2d 901, 907 (6th Cir. 1991) (when employment decisions in large, multiple location and multiple department employer were made locally, discovery may properly be limited to employing unit); *Sallis,* 408 F.3d at 478 (8th Cir. 2005) (employment discrimination plaintiff's request for information on every allegation of discrimination against university was overly broad, and magistrate judge properly limited discovery to complaints against parking and transportation services department in which plaintiff worked); *Haselhorst v. Wal-Mart Stores, Inc.*, 163 F.R.D. 10, 11 (D. Kan. 1995) (in absence of evidence that decisions concerning employment practices made by authority other than supervisors in plaintiff's employing unit, discovery limited to information from that unit); *Earley v. Champion Int'l Corp.,* 907 F.2d 1077, 1084-1085 (11th Cir. 1990) (in employment discrimination case, discovery usually limited to information about employees in same department as plaintiff, absent showing of particularized need for, and relevance of, broader

information base); *Glenn*, 209 F.R.D. at 281-282 (discovery in Title VII actions should be limited to employment units, departments, and sections in which there are employees similarly situated to plaintiff; for records beyond employing unit, plaintiff must show more particularized need and relevance).

Furthermore, this topic is objectionable because it is not limited to lawsuits involving the same type of employment decision involved in this case. *Miles v. Boeing Co.*, 154 F.R.D. 117, 121 (E.D. Pa. 1994) (discovery limited to information concerning promotions); *Robbins*, 105 F.R.D at 60 (practices regarding recruitment of minority teachers not relevant to teacher's race and age discrimination in termination suit because pleadings did not allege discrimination in hiring); *O'Neal v. Riceland Foods*, 684 F.2d 577, 581 (8th Cir. 1982) (not abuse of discretion to refuse to order discovery respecting hiring decisions in case not involving discrimination hiring, but limited to allegations of discriminatory termination).

Lastly, the interrogatory is improper because it is not limited to complaints about the decision makers involved in this case. *See Griffiths v. CIGNA Corp.*, No. 91-2356, 1992 U.S. Dist. LEXIS 754, at * 6 (E.D. Pa. Jan. 23, 1992) (allowing discovery about prior complaints only with respect to the individuals who were managers or supervisors of plaintiff). In this case, Scott Weeks made the decision to discharge Mr. Spicer and Mr. Collins recommended the same. Accordingly, this topic should be limited to lawsuits regarding age or disability discrimination or workers' compensation retaliation involving Scott Weeks and, possibly, Randy Collins, since 2004.

13. The identity of all Universal Forest Products employees in the Eastern Division laid off or terminated during the months of July, August, and September 2006.

Topic No. 13 is overly broad. The facility in which Mr. Spicer worked is one of many facilities operated by UPPED. To the extent that this topic covers additional facilities, it is

overly broad.  *Scales v. J.C. Bradford & Co.*, 925 F.2d 901, 907 (6th Cir. 1991); *Sallis,* 408 F.3d at 478 (8th Cir. 2005); *Haselhorst v. Wal-Mart Stores, Inc.*, 163 F.R.D. 10, 11 (D. Kan. 1995); *Earley v. Champion Int'l Corp.,* 907 F.2d 1077, 1084-1085 (11th Cir. 1990) ; *Glenn*, 209 F.R.D. at 281-282.  Accordingly, Topic No. 13 should be excluded from the Notice of Deposition.

   14. Scott Weeks's employment history with Universal Forest Products, including his personnel file, performance records, evaluations and history of disciplinary actions.

   Topic No. 14 is overly broad.  Personnel files contain all kinds of documents that have nothing to do with whether someone has a history of having complaints filed against him, which is presumably why this topic was included.  *See Griffiths, supra* (denying request for complete personnel file of relevant decision maker because the plaintiff failed to narrow his request to the particular type of information he sought from the personnel file and because the documents would reveal a host of information not relevant to Plaintiff's claims).  Furthermore, as a practical matter, Mr. Weeks has already been deposed in this matter.  Plaintiff covered Mr. Weeks's employment at UFPED in great detail during that deposition.  Accordingly, Topic No. 14 should be excluded from the Notice of Deposition.

   16. Knowledge of business earning for Universal Forest Products for years 2005 through the present.

   Topic No. 16 is improper because it is not related to a claim or defense in this case.  Specifically, UFPED's overall financial performance, profitability or other earnings information is irrelevant to any claim or defense.  The lack of work that caused UFPED to discharge Mr. Spicer could merely have been in a single market, region, or for loss of a single customer.  Accordingly, this topic is overly broad and not related to a claim or defense.

   17. Knowledge of litigation involving Universal Forest Products in the five years prior to August 2006 of cases alleging age or disability discrimination or retaliation.

Topic No. 17 is overly broad for some of the same reasons discussed in regard to Topic No. 11. Specifically, it contains no limitation on type of litigation or facility involved and its temporal scope is too broad. Accordingly, this should be limited to lawsuits alleging age or disability discrimination or workers' compensation retaliation by Mr. Weeks since 2004.

18. Other complaints of discrimination, harassment and retaliation made by employees against Universal Forest Products in the last ten years.

Topic No. 18 is improper for the same reasons discussed regarding Topic No. 11. Accordingly, this should be limited to complaints of age or disability discrimination or workers' compensation retaliation against Mr. Weeks since 2004.

## CONCLUSION

For all of the reasons discussed above, UFPED's Motion for a Protective Order should be granted.

Respectfully submitted:

           /s/             
Rafael Morell, Bar ID 47204
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
2400 N Street, N.W., Fifth Floor
Washington, D.C. 20037
Rafael.Morell@odnss.com
Tel: (202) 887-0855
Fax: (202) 887-0866

*Counsel for Defendant*

Date: July 25, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | |
|---|---|
| TIMMY SPICER, | ) |
|         *Plaintiff,* | ) |
| v. | ) |
| UNIVERSAL FOREST PRODUCTS EASTERN DIVISION, INC., | ) Civil No. 7:07-CV-00462 |
| AND | ) |
| SCOTT WEEKS, | ) |
|         *Defendants.* | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of July, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

John P. Fishwick, Jr.
Monica L. Mroz
Lichtenstein, Fishwick & Johnson, P.L.C.
P.O. Box 601
101 S. Jefferson Street, Suite 400
Roanoke, VA 24004-0601

                                                  /s/
                                    Rafael E. Morell, VSB No. 47204
                                    Attorney for Defendant
                                    OGLETREE, DEAKINS, NASH,
                                    SMOAK & STEWART, P.C.
                                    2400 N Street, N.W., Fifth Floor
                                    Washington, D.C. 20037
                                    Phone: (202) 887-0855
                                    Fax: (202) 887-0866

6525734.1 (OGLETREE)