**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division**

| | |
|---|---|
| TIMMY SPICER, | ) |
| | ) |
| *Plaintiff,* | ) |
| v. | ) |
| | ) |
| UNIVERSAL FOREST PRODUCTS EASTERN | ) |
| DIVISION, INC., | ) Civil No. 7:07-CV-00462 |
| | ) |
| AND | ) |
| | ) |
| SCOTT WEEKS, | ) |
| | ) |
| *Defendants.* | ) |
| | ) |

## MEMORANDUM IN SUPPORT OF DEFENDANT'S
## SECOND MOTION FOR PROTECTIVE ORDER

This Court should grant Defendant Universal Forest Products Eastern Division, Inc.'s ("UFPED") Second Motion for a Protective Order. As discussed in detail below, the topics included in Plaintiff's Amended Rule 30(b)(6) Notice to Take Deposition of Defendant Universal Forest Products Eastern Division, Inc. ("Amended Notice of Deposition") are overly broad, vague, and do not relate to the claims or defenses in this case. In addition, Topic No. 4 of Plaintiff's Rule 30(b)(6) Notice to Take Deposition of Defendant Universal Forest Products Eastern Division, Inc. ("Notice of Deposition") is improper.

### RELEVANT BACKGROUND

Plaintiff served his Notice of Deposition on June 24, 2008. Counsel for Universal Forest Products Eastern Division, Inc. ("UFPED") informed Plaintiff's counsel that it had certain objections to the Notice of Deposition. By email dated July 11, 2008, counsel for UFPED specified which topics were objectionable. By letter dated July 18, 2008, counsel for UFPED

again specified which topics were objectionable and provided detailed reasons why it objected to certain topics of the Notice of Deposition. By letter dated July 21, 2008, Plaintiff's counsel delivered a letter clarifying Plaintiff's position with respect to UFPED's objections. On July 28, 2008, Plaintiff served his Amended Notice of Deposition, which added topics not previously included in the original Notice of Deposition.

## ARGUMENT

Under the Federal Rules of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any matter, not privileged, that is *relevant to the claim or defense* of any party." Fed. R. Civ. P. 26(b)(1) (emphasis added). The limitation to claims and defenses was inserted as part of the amendments to the Rules in 2000. In amending the scope of discovery, the Advisory Committee intended that the parties and the court "focus on the actual claims and defenses involved in the action."[1] Fed. R. Civ. P. 26 advisory committee notes. In addition, a court must limit discovery if it determines that the discovery sought is unduly burdensome. Fed. R. Civ. P. 26(b)(2)(C). Lastly, a court may enter a protective order that discovery not be had to protect a party from annoyance, embarrassment, or oppression. Fed. R. Civ. P. 26(c). As discussed below, several of the topics included in the Notice of Deposition are improper because they do not relate to the claims or defenses in this action, or are overly broad or unduly burdensome, or are cumulative. The topics are discussed in detail below.

---

[1] Discovery that relates to the subject matter involved in the action but that is not relevant to the particular claims or defenses may be ordered by the court only upon a showing of good cause. Fed. R. Civ. P. 26(b)(1).

2

A.     AMENDED NOTICE OF DEPOSITION

   1.     The contact, communications, and/or correspondence from any person or entity to or from any Universal Forest Products Safety Department/Division, whether at plant level, regional level or corporate level, regarding Mr. Spicer from June 1, 2003 through the present. This would include:

   a.     Knowledge of the documents maintained by any Universal Forest Products Safety Department/Division, whether at plant level, regional level or corporate level, regarding Mr. Spicer from June 1, 2003 through the present.

   b.     Universal Forest Products knowledge of the procedure for processing, assessing and evaluating "open" workers compensation claims for their employees.

   c.     Universal Forest Products knowledge of the procedure for processing, assessing and evaluating Mr. Spicer's "open" workers' compensation claim from June 11, 2003 through the present.

   d.     The identity of all Universal Forest Products employees in the Eastern Division terminated from 2001 through the present with an "open" workers' compensation claim at the time of their termination.

   e.     Knowledge of each and every insurance carrier and/or third party administrator for the Universal Forest Products plant at Pearisburg, Virginia from 2001 through present.

On its face, this Topic is overly broad. First, the Topic is not limited to the plant in which Mr. Spicer worked. Second, Sections (a) through (e), which would be "included" as part of Topic No. 1, are actually broader in scope than the main body of the Topic. For instance, the main body of Topic No. 1 is limited to Mr. Spicer. Section (b), however, appears to cover general practices. Furthermore, section (c) is vague. In addition, Section (d) asks for information relating to the entire company and is thus overly broad. Lastly, Section (e) covers all insurance carriers and is not limited to worker's compensation carriers.

This Court should limit the scope of this Topic to: (1) documents relating to Mr. Spicer maintained by the safety department at the plant in which Mr. Spicer worked; and (2) worker's compensation insurance carriers.

Lastly, to the extent that Section (d) should be included at all, it should be limited to employees who filed worker's compensation claims in the last five years who worked at the same facility as Mr. Spicer. *See Scales v. J.C. Bradford & Co.*, 925 F.2d 901, 907 (6th Cir. 1991) (when employment decisions in large, multiple location and multiple department employer were made locally, discovery may properly be limited to employing unit); *Sallis,* 408 F.3d at 478 (8th Cir. 2005) (employment discrimination plaintiff's request for information on every allegation of discrimination against university was overly broad, and magistrate judge properly limited discovery to complaints against parking and transportation services department in which plaintiff worked); *Haselhorst v. Wal-Mart Stores, Inc.*, 163 F.R.D. 10, 11 (D. Kan. 1995) (in absence of evidence that decisions concerning employment practices made by authority other than supervisors in plaintiff's employing unit, discovery limited to information from that unit); *Earley v. Champion Int'l Corp.,* 907 F.2d 1077, 1084-1085 (11th Cir. 1990) (in employment discrimination case, discovery usually limited to information about employees in same department as plaintiff, absent showing of particularized need for, and relevance of, broader information base); *Glenn*, 209 F.R.D. at 281-282 (discovery in Title VII actions should be limited to employment units, departments, and sections in which there are employees similarly situated to plaintiff; for records beyond employing unit, plaintiff must show more particularized need and relevance).

**B.      ORIGINAL NOTICE OF DEPOSITION**

    4.    The contact, communications, and/or correspondence from any person or entity to or from the Universal Forest Products Human Resource Department regarding Mr. Spicer from the first day of his employment through the present.

Topic No. 4 was covered by UFPED's previous Motion for Protective Order. The Court found the Topic to be overly broad and directed the parties to confer regarding narrowing its scope. The parties have not been able to agree on how to narrow the scope of this Topic. As discussed below, however, this Topic should be excluded from the 30(b)(6) deposition because Plaintiff has or will depose the critical witnesses regarding this Topic.

The critical discussions with the Human Resources department in this case took place on the day that Mr. Spicer learned that he was being discharged. On that day, Mr. Spicer called Michael McGregor, of the Human Resources department, to get more information regarding his discharge. In addition, Mr. Weeks, the person who decided to discharge Mr. Spicer, spoke with Mr. McGregor on that same day. Mr. Weeks has already been deposed in this case. Mr. McGregor is being deposed on August 29, 2008. In light of the fact that Plaintiff will have an opportunity to depose the critical witnesses, it makes little sense to require a Rule 30(b)(6) witness to testify about the very same conversations. Accordingly, this Court should prohibit Plaintiff from including this Topic as part of the Rule 30(b)(6) deposition.

**CONCLUSION**

For all of the reasons discussed above, UFPED's Second Motion for a Protective Order should be granted.

Respectfully submitted:

_____/s/_____
Rafael Morell, Bar ID 47204
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
2400 N Street, N.W., Fifth Floor
Washington, D.C. 20037
Rafael.Morell@odnss.com
Tel: (202) 887-0855
Fax: (202) 887-0866

*Counsel for Defendant*

Date: August 26, 2008

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division**

|  |  |  |
|---|---|---|
| TIMMY SPICER, | ) | |
| *Plaintiff,* | ) ) ) | |
| v. | ) ) | |
| UNIVERSAL FOREST PRODUCTS EASTERN DIVISION, INC., | ) ) ) | Civil No. 7:07-CV-00462 |
| AND | ) ) | |
| SCOTT WEEKS, | ) ) ) | |
| *Defendants.* | ) ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of August, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

John P. Fishwick, Jr.
Monica L. Mroz
Lichtenstein, Fishwick & Johnson, P.L.C.
P.O. Box 601
101 S. Jefferson Street, Suite 400
Roanoke, VA 24004-0601

                                        /s/
                               Rafael E. Morell, VSB No. 47204
                               Attorney for Defendant
                               OGLETREE, DEAKINS, NASH,
                               SMOAK & STEWART, P.C.
                               2400 N Street, N.W., Fifth Floor
                               Washington, D.C. 20037
                               Phone: (202) 887-0855
                               Fax: (202) 887-0866

6608135.1 (OGLETREE)